IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRIE JANE HOOPS,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| **DALLAS REGIONAL MEDICAL CENTER,** | § § § § | Civil Action No. 3:24-CV-2558-L-BK |
| **Defendant.** | § § § § | |

# ORDER

Before the court are Defendant Prime Healthcare Services–Mesquite, LLC d/b/a Dallas Regional Medical Center's ("Defendant" or "Dallas Regional") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) And 12(b)(6) (Doc. 12) ("Defendant's Motion"), filed November 5, 2024; the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 26) ("Report"), filed April 17, 2025; and Plaintiff Larrie Hoops' ("Ms. Hoops" or "Plaintiff") Motion to Set Case for Trial (Doc. 28) ("Plaintiff's Motion"), filed on April 21, 2025. No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Renée Harris Toliver determined that Plaintiff did not meet her burden of proving that this court has subject matter jurisdiction over her claims. The magistrate judge concluded that Plaintiff's assertions that her claims involve a federal question or constitutional right are incorrect and legally flawed. Report 4. The magistrate judge found that "neither Plaintiff's [C]omplaint nor her response to Defendant's motion to dismiss states the federal

statutory or constitutional authority" for her claims of emotional distress or informed consent. *Id.* Also, the magistrate judge concluded that Plaintiff does not specify a constitutional or federal statutory provision that would establish federally recognized standards of care or conditions that would give rise to those standards. *Id.*

Additionally, the magistrate judge rejected Plaintiff's contention that she does not need to explicitly state a federal law in her opposition. *Id.* Magistrate Judge Toliver concluded that while Plaintiff does not need to name the federal laws implicated in her Complaint explicitly, a colorable issue of federal law must be discernible from the facts alleged. *Id.* (citations omitted). The magistrate judge determined that instead of stating federal law, Plaintiff's claims for lack of informed consent and emotional distress arise under state law. *Id.* at 5. Moreover, the magistrate judge concluded that facially Plaintiff's factual allegations do not give rise to a procedural or substantive due process violation. *Id.*

Further, the magistrate judge found that "Plaintiff's allegations address the wrongful procurement of anatomical gifts from Plaintiff's *husband's* body—not her own," which she lacks legal authority to assert on her husband's behalf. *Id.* at 6 (citation omitted) (emphasis in original). Moreover, Magistrate Judge Toliver concluded that Plaintiff has not suffered an injury-in-fact as to her husband's body and, as a result, she lacks standing. *Id.* (citation omitted). She determined that even accepting Plaintiff's allegations as true, she failed to establish a federal question that would permit the court to exercise subject matter jurisdiction over this suit. *Id.* (citation omitted).

Magistrate Judge Toliver also determined that Plaintiff should not be granted leave to amend her pleadings because her claims are "fatally infirm." *Id.* The magistrate judge concluded that, based on the most deferential review of Plaintiff's pleadings, it is highly unlikely that she could allege legal claims that would grant the court subject matter jurisdiction. *Id.* As a result,

**Order – Page 2**

the magistrate judge determined that Plaintiff had already pleaded her best case and granting leave to amend would be futile and cause needless delay. *Id.* As a result, the magistrate judge recommended that the court grant in part Defendant's Motion and dismiss without prejudice this action.

After the magistrate judge entered the Report, Plaintiff filed an Amended Complaint ("Amended Complaint") (Doc. 27). Because Plaintiff filed her Amended Complaint without first obtaining leave of court or agreement of Defendant to allow amendment, the magistrate judge struck the Amended Complaint (Doc. 29). In her stricken Amended Complaint, Plaintiff added several claims that were not in the initial Complaint (Doc. 1). Despite Magistrate Judge Toliver's finding that "Plaintiff's legal claims are fatally infirm," it is not clear to the court that Plaintiff has pleaded her best case and could not file an Amended Complaint that would establish subject matter jurisdiction. *See* Doc. 27. Further, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Because the live pleading in this case is the initial Complaint, and Plaintiff has not been given an opportunity to cure the deficiencies identified by the magistrate judge, the court **recommits** this issue to the magistrate judge for further explanation as to why it would be futile to grant Plaintiff leave to file an amended pleading to correct the deficiencies.

Finally, because it has not been established that the court has subject matter jurisdiction over this action, the court **denies as moot** Plaintiff's Motion to Set Case for Trial (Doc. 28).

After considering the Report, Complaint, Motions, and record, the court **accepts** the Report **in part** and **rejects** it **in part**. The court **accepts** the Report insofar as it relates to the findings of the magistrate judge regarding subject matter jurisdiction. The court also **accepts** the

Report with respect to the insufficiency of Plaintiff's pleadings. The court **rejects** the Report insofar as it recommends that this action be dismissed without prejudice because it is not clear to the court that Plaintiff has pleaded her best case. As Plaintiff is *pro se*, she should be given another opportunity to satisfy the standards for jurisdiction and failure to state a claim upon which relief can be granted.

Accordingly, the court **grants** Defendant's Motion (Doc. 12) as to lack of subject matter jurisdiction and **denies as moot** the Motion as to failure to state a claim, **denies as moot** Plaintiff's Motion (Doc. 28), and **recommits** this matter to Magistrate Judge Toliver for consideration pursuant to 28 U.S.C. § 636(b)(C) consistent with the court's instructions as herein set forth.

**It is so ordered** this 24th day of June, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 4