IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**LARRIE JANE HOOPS,**

Plaintiff, Pro Se

v.

**PRIME HEALTHCARE SERVICES – MESQUITE, LLC**

d/b/a Dallas Regional Medical Center,
Defendant.

Civil Action No. 3:24-CV-2558-L-BK

**AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Larrie Jane Hoops, appearing *Pro Se*, respectfully files this First Amended Complaint pursuant to the Court's Order (Doc. 35) and the recommendations in the Magistrate Judge's Report (Doc. 26), and states:

## I. INTRODUCTION

This case seeks redress for constitutional violations and statutory breaches arising from the unauthorized procurement of anatomical gifts and denial of procedural protections guaranteed by federal law and the U.S. Constitution.

Plaintiff asserts claims under:

- 42 U.S.C. § 1983 – Violations of Fourteenth Amendment rights to familial integrity and procedural due process;

- 42 U.S.C. § 274e – Illegal procurement of anatomical gifts in violation of federal transplant regulations;

- Texas Health & Safety Code §§ 692A.001–.009, 693.003 – Requiring written consent for anatomical donations;

- Texas common law – Wrongful handling of remains, medical battery, and intentional infliction of emotional distress.

## II. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction** exists under 28 U.S.C. § 1331 based on claims arising under:
    - 42 U.S.C. § 1983;
    - 42 U.S.C. § 274e.

2. **Supplemental Jurisdiction** exists under 28 U.S.C. § 1367(a) for related state law claims.

3. **Venue** is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this lawsuit occurred in Dallas County, Texas.

## III. PARTIES

4. Plaintiff Larrie Jane Hoops is the surviving spouse of William Edgar Hoops III and resides in Tyler, Texas.

5. Defendant Prime Healthcare Services–Mesquite, LLC, operates Dallas Regional Medical Center and engages in tissue procurement governed by federal regulation.

## IV. FACTUAL BACKGROUND

6. On August 14, 2020, William Hoops was declared deceased after cardiac arrest at Dallas Regional Medical Center.

7. Mr. Hoops was a registered organ donor but had verbally limited his consent to donation of **one arm, skin, and eyes** only.

8. No written informed consent was ever provided or signed.

9. Plaintiff later discovered at the funeral that **both arms and both legs** had been removed without authorization.

10. Defendant's conduct violated:

- **Tex. Health & Safety Code § 693.003** (requiring written consent);
- **Tex. Health & Safety Code §§ 692A.008–009** (requiring next-of-kin documentation);
- **42 U.S.C. § 274e** (illegal procurement).

## V. LEGAL BASIS & COURT INSTRUCTIONS

11. Plaintiff has clarified the federal constitutional rights implicated, including:

   - Substantive due process: familial integrity (see *Munoz v. Dep't of State*, 602 U.S. 899 (2024));
   - Procedural due process: denial of notice or consent procedures (*Mathews v. Eldridge*, 424 U.S. 319 (1976));
   - Unlawful interference by a state-regulated actor (*Brotherton v. Cleveland*, 923 F.2d 477 (6th Cir. 1991)).

12. Under *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), Plaintiff presents a colorable federal question sufficient to invoke subject matter jurisdiction.

## VI. CAUSES OF ACTION

**Count I – Substantive Due Process**
Violation of Fourteenth Amendment right to familial integrity and bodily dignity. (42 U.S.C. § 1983)

**Count II – Procedural Due Process**
Denial of notice, consent, and statutory protections. (42 U.S.C. § 1983)

**Count III – Violation of 42 U.S.C. § 274e**
Illegal transfer of anatomical material contrary to federal standards.

**Count IV – Breach of Informed Consent**
Violation of Tex. Health & Safety Code §§ 692A.008–009.

**Count V – Intentional Infliction of Emotional Distress**
Outrageous conduct causing trauma (*Standard Fruit v. Johnson*, 985 S.W.2d 62 (Tex. 1998)).

**Count VI – Wrongful Handling of Corpse**
Improper removal and handling of human remains (*Kuhn v. Goodyear Tire*, 392 S.W.2d 685 (Tex. App.–Dallas 1965)).

## VII. DAMAGES

Plaintiff seeks:

- $20,000,000 in compensatory damages;
- Punitive damages;
- Declaratory relief;
- Court costs and any other just relief.

## VIII. JURY DEMAND

Plaintiff demands a jury trial under Fed. R. Civ. P. 38.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Retain jurisdiction over this matter;
2. Deny Defendant's motion to dismiss under Rule 12(b)(1);
3. Permit the case to proceed to trial;
4. Award all relief in law and equity.

Respectfully submitted,
LARRIE JANE HOOPS
24554 CR 343  14524
Tyler, Texas 75708
Email: janie.eddie1995@yahoo.com
Phone: (318) 805-4872
**PLAINTIFF, PRO SE**