IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRIE JANE HOOPS, | § | |
|      PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:24-CV-2558-L-BK |
| PRIME HEALTHCARE SERVICES – | § | |
| MESQUITE LLC D/B/A | § | |
| DALLAS REGIONAL MEDICAL | § | |
| CENTER, | § | |
|      DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management.[1]  Before the Court is Defendant Prime Healthcare Services – Mesquite, LLC d/b/a Dallas Regional Medical Center's *Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction*, Doc. 38.  Upon review, the motion should be **GRANTED.**

### I. BACKGROUND

Plaintiff Larrie Jane Hoops filed a *pro se* complaint against Defendant Prime Healthcare Services – Mesquite, LLC d/b/a Dallas Regional Medical Center ("Dallas Regional" or "Defendant") for claims arising from purported illegal tissue harvesting from Plaintiff's deceased husband ( "Decedent") without Plaintiff's consent.  Doc. 37 at 1.  Plaintiff alleges Decedent

---

[1] The lawsuit was originally filed in the United States District Court for the Eastern District of Texas.  Doc. 1 at 1.  On October 8, 2024, the case was transferred to this Court, where Defendant is located and the salient events occurred.  Doc. 5 at 1-2.

passed away in 2020, after going into cardiac arrest at Dallas Regional, and afterwards, his arms and legs "were removed without authorization." Doc. 37 at 2. Plaintiff alleges Decedent was a registered organ donor but verbally limited his consent to "one arm, skin, and eyes only," and that "no written informed consent was ever provided or signed." Doc. 37 at 2.

The Court previously accepted the undersigned's recommendation that Plaintiff's case be dismissed for lack of subject matter jurisdiction but rejected the undersigned's recommendation that granting leave to amend would be futile and that dismissal should be with prejudice. Doc. 35. Plaintiff subsequently amended her complaint to allege that the Court has federal question jurisdiction based on claims arising under 42 U.S.C. § 1983 and 42 U.S.C. § 274e, Doc. 37, and the motion *sub judice* followed.

By the instant motion, filed July 14, 2025, Defendant seeks dismissal of Plaintiff's amended claims under Federal Rules of Civil Procedure 12(b)(1) & (6) for failure to state a claim. Doc. 38; Doc. 39 at 9. Plaintiff has failed to file a response, and the deadline for doing so has long passed.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79. In determining a motion to dismiss, the district court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

## III. ANALYSIS

### A. Plaintiff Has Failed to State a Claim under Section 1983 and the Constitution Because Defendant is Not a State Actor.

In Counts One and Two of the operative complaint, Plaintiff alleges violations of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. Doc. 37 at 3.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). The requirement that the deprivation occur under color of state law is also known as the "state action" requirement. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999) ("a section 1983 plaintiff alleging the deprivation of Due Process under the Fourteenth Amendment must also show that state action caused his injury . . . In such cases, the 'under color of law' and state action inquiries merge into one"). "A private party will be considered a state actor for § 1983 purposes only in rare circumstances." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) (citing *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992)).

Here, as the Court has observed previously, *see* Doc. 26 at 5, Defendant is not the government, an agent thereof, or an actor depriving Plaintiff of her of her life, liberty, or property. *Reed*, 598 U.S. at 236; *Munoz*, 602 U.S. at 910. Further, Plaintiff has pled no facts which, if taken as true, would show that Defendant is a state actor. Consequently, Plaintiff fails to state a claim for relief under Section 1983, and this claim should be dismissed without prejudice.

### B. Plaintiff Has Failed to State Claim Under 42 U.S.C. § 274e.

In Count Three, Plaintiff alleges violations of 42 U.S.C. § 274e, commonly known as the National Organ Transplant Act. Doc. 37 at 2. "Congress passed the National Organ Transplant Act. . . '[i]n the wake of transparent attempts to introduce markets into the American organ transplant system.'" *United States v. Maclean*, No. 4:23-CR-00159-02, 2025 WL 2081004, at *32 (M.D. Pa. July 22, 2025). Section 274e of the National Organ Transplant Act provides: "It

4

shall be unlawful for any person to knowingly acquire, receive, or otherwise transfer any human organ for valuable consideration for use in human transplantation if the transfer affects interstate commerce." 42 U.S.C. § 274e(a).

Here, Plaintiff does not allege any facts to support a violation of § 274e of the National Organ Transplant Act by the Defendant. Section 274e prohibits the sale of organs, but not the procurement of organs of a deceased registered organ donor, as Plaintiff concedes the Decedent was. *Maclean*, 2025 WL 2081004, at *32. Plaintiff merely alleges in conclusory fashion that there was an "illegal transfer of anatomical material contrary to federal standards." Doc. 37 at 3. Plaintiff does not state the federal standards Defendant allegedly violated or the transfer process Defendant that she contends was illegal. Plaintiff also fails to plead any facts from which it can be gleaned that Decedent's organ procurement affected interstate commerce. In any event, § 274e is inapplicable because Plaintiff has also not pleaded any facts showing "valuable consideration" in exchange for Decedent's organ donation.

Because Plaintiff has not pleaded sufficient facts to support a claim under 42 U.S.C. § 274e, that claim likewise should be dismissed without prejudice.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Plaintiff also alleges claims under state law for breach of informed consent, intentional infliction of emotional distress, and wrongful handling of a corpse. Doc. 37 at 3. Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a)

grants the courts the "power to hear a state law claim under pendant or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (Ramirez, J.) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1996).

However, when all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction over a state claim if, *inter alia*, the district court has dismissed all claims over which it had original jurisdiction). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endant jurisdiction is a doctrine of discretion, not of [a] plaintiff's right.").

In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Here, that balance favors declining to exercise jurisdiction over the remaining state-law claims. Because Plaintiff's federal claims are subject to dismissal for failure to state a claim, the Court should

6

decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be dismissed without prejudice being pursued in state court.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff has already been granted leave to amend once and been given ample opportunity to plead her best case. Thus, the Court concludes that Plaintiff has done so and that granting leave to amend under these circumstances would be futile and cause needless delay.

## V. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction*, Doc. 38, should be **GRANTED**. Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**. And as no claims will remain pending, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on February 7, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).