IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRIE JANE HOOPS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02558-L-BK |
| | § | |
| **PRIME HEALTHCARE SERVICE –** | § | |
| **MESQUITE, LLC** *d/b/a* Dallas Regional | § | |
| Medical Center, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On February 19, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 40) was entered, recommending that the court **grant** Defendant Prime Healthcare Service – Mesquite, LLC's ("Defendant") Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction ("Motion") (Doc.4) and dismiss Larrie Jane Hoops' ("Plaintiff" or "Ms. Hoops") claims without prejudice. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Renée Harris Toliver determined that Plaintiff fails to state a claim under 42 U.S.C. § 1983 and the Constitution; she fails to state a claim under 42 U.S.C. § 274e; the court should decline to exercise supplemental jurisdiction over her state law claims; and she should not be granted leave to amend. *See* Report. The court agrees.

First Magistrate Judge Toliver found that Plaintiff fails to state a claim under 42 U.S.C. § 1983 and the Constitution because Defendant is not a state actor. *Id.* at 3-4. As Magistrate Judge Toliver notes, section 1983 has a "state action" requirement, and private parties are considered

state actors for section 1983 purposes in limited circumstances. *Id.* at 4. To bring a claim under section 1983, a plaintiff must allege facts that allow the court to reasonably infer that: (1) he or she has been deprived of a right secured by the Constitution or the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.,* 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982). Private action may be deemed state action for purposes of section 1983 only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Magistrate Judge Toliver determined that Defendant is a private party and Plaintiff has not pleaded sufficient facts to show Defendant is a state actor. Report at 4. Therefore, Magistrate Judge Toliver found that this claim should be dismissed without prejudice. *Id.*

Second, Magistrate Judge Toliver found that Plaintiff fails to state a claim under 42 U.S.C. § 274e. *Id.* "In Count Three, Plaintiff alleges violations of 42 U.S.C. § 274e, commonly known as the National Organ Transplant Act." *Id.* (citation omitted). Judge Toliver found that:

> Plaintiff does not allege any facts to support a violation of § 274e of the National Organ Transplant Act by the Defendant. Section 274e prohibits the sale of organs, but not the procurement of organs of a deceased registered organ donor, as Plaintiff concedes the Decedent was. Maclean, 2025 WL 2081004, at *32. Plaintiff merely alleges in conclusory fashion that there was an "illegal transfer of anatomical material contrary to federal standards." Doc. 37 at 3. Plaintiff does not state the federal standards Defendant allegedly violated or the transfer process Defendant that she contends was illegal. Plaintiff also fails to plead any facts from which it can be gleaned that Decedent's organ procurement affected interstate commerce. In any event, § 274e is inapplicable because Plaintiff has also not pleaded any facts showing "valuable consideration" in exchange for Decedent's organ donation.

*Id.* at 5. Therefore, she recommends that this claim should be dismissed without prejudice. *Id.*

**Order – Page 2**

Third, Magistrate Judge Toliver recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* In addition to her federal claims, "Plaintiff also alleges claims under state law for breach of informed consent, intentional infliction of emotional distress, and wrongful handling of a corpse." *Id.* (citation omitted). After considering the "issues of judicial economy, convenience, and fairness to the litigants," Magistrate Judge Toliver found that the balance of those factors "favors declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 6. Therefore, [b]ecause Plaintiff's federal claims are subject to dismissal for failure to state a claim, the [c]ourt should decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be dismissed without prejudice being pursued in state court." *Id.* at 6-7. The court agrees.

Finally, Magistrate Judge Toliver recommends that Plaintiff not be granted leave to amend. *Id.* at 7. Plaintiff has already been granted leave to amend once, and Magistrate Judge Toliver found that any additional leave to amend would be futile and cause needless delay. *Id.* The court agrees.

Ms. Hoops did not request to amend her pleadings in the event the court determined that she failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

"[A]t some point a court must decide that a plaintiff has had fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller*, 342 F.3d at 567 (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). In this action, Plaintiff has amended her pleadings once after a motion to dismiss was filed. She did not request to amend her last pleading.[*] Further, as previously stated, Ms. Hoops did not object to the Report. The court, therefore, reasonably infers that Plaintiff has stated her "best case." *Jacquez*, 801 F.2d at 793. The record amply demonstrates that Plaintiff has had a fair opportunity to plead and present her case. As she has had a fair opportunity to correct previously identified deficiencies in her pleadings and present her "best case," the court determines that any further attempts at amendment would be futile and would unnecessarily delay resolution of this action. Accordingly, the court will not allow any further amendment of Plaintiff's pleadings.

After considering the pleadings, file, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, except to the extent herein modified. The court, for the reasons stated, determines that Plaintiff's section 1983 claim and section 274e claim should be **dismissed with prejudice**, rather than without prejudice as recommended by the magistrate judge. Accordingly, the court **grants** Defendant's Motion and **dismisses with prejudice** Plaintiff's federal claims and **dismisses without prejudice** Plaintiff's state law claims.

---

[*] The failure to request leave to amend waives the right to raise the issue on appeal. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals.") (citation omitted).

**Order – Page 4**

**It is so ordered** this 12th day of March, 2026.

                                              Sam A. Lindsay
                                              United States District Judge